J-S15014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTHUR RASHAD COLE, JR. | |
| Appellant | No. 1471 MDA 2014 |

Appeal from the PCRA Order July 31, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006063-2006

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 02, 2015**

Arthur Rashad Cole, Jr. appeals *pro se* from the order of the Court of Common Pleas of York County that dismissed his petition filed pursuant to the Post Conviction Relief Act.[1]  After careful review, we affirm.

On April 9, 2008, a jury convicted Cole of possession with intent to deliver a controlled substance (PWID) and possession of a controlled substance.  At a sentencing hearing on May 21, 2008, the trial court noted that under the sentencing guidelines, the standard range sentence was 18 to 24 months.  However, because of Cole's extensive prior record, the fact that he committed offenses while on probation, and the court's belief that Cole was a poor candidate for rehabilitation who would re-offend by dealing drugs

_____

[1] 42 Pa.C.S. §§ 9541-9546.

if released, the court sentenced him to five to ten years' incarceration. N.T. Sentencing, 5/28/08, at 5-7. This Court affirmed Cole's judgment of sentence on September 17, 2009. *Commonwealth v. Cole*, 986 A.2d 1250 (Pa. Super. 2009) (unpublished memorandum), and our Supreme Court denied allowance of appeal on March 9, 2010. *Commonwealth v. Cole*, 990 A.2d 727 (Pa. 2010).

Cole filed a PCRA petition on July 18, 2014, asserting that his sentence is unconstitutional under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which holds that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury. The PCRA court dismissed the petition as untimely on July 30, 2014.

On appeal, Cole raises the following issue for our review:

Did not the PCRA court error [sic] by ruling that [Cole's] second[2] [sic] PCRA petition was untimely when *Alleyne v. United States*, 123 [sic] S.Ct. 215 [sic] (2013), held that where the jury did not prove [sic] beyond a reasonable doubt that the facts that triggered the mandatory on [Cole's] sentence was violative of [Cole's] rights under the Sixth Amendment to a Fair Trial?

Appellant's Brief, at 4.

"Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless

---

[2] The docket does not reflect, nor does the record contain, a PCRA petition other than the one filed on July 18, 2014.

there is no support for the findings in the certified record."
***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)
(citations omitted).

Section 9545 of the PCRA provides in relevant part:

**(b) Time for filing petition. –**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

(4)  For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S. § 9545(b).

Cole's judgment of sentence became final on June 7, 2010, when he failed to file a petition for writ of certiorari in the United States Supreme Court within ninety days of our Supreme Court's denial of his petition for allowance of appeal.  **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13. Cole had one year from that date within which to file "any petition . . . including a second or subsequent petition" seeking post-conviction relief. **See** 42 Pa.C.S. § 9545(b)(1).  Cole filed the instant petition on July 18, 2014, which was more than three years after his judgment of sentence became final.

Cole asserts that **Alleyne** recognized a new constitutional right that applies retroactively, **see** 9545(b)(1)(iii), and thus is an exception to the timeliness requirements of the PCRA.  However, in **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014) this Court held to the contrary, noting, "neither our Supreme Court nor the Supreme Court of the United States has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence has become final." **Id.** at 995.

Even if Cole were entitled to relief under **Alleyne**, which he is not, his petition would still have been untimely. The U.S. Supreme Court issued its decision in **Alleyne** on June 17, 2013.  Cole did not file his PCRA petition

until July 18, 2014. Section 9545(b)(2) of the PCRA provides that a petition raising an exception to the timeliness requirements must be filed within 60 days of the date the claim could have been presented. However, Cole did not present his claim until thirteen months after the filing of *Alleyne*.

A court has no jurisdiction to consider an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). Because Cole has failed to plead and prove an exception to the timeliness requirements of section 9545(b), the trial court did not err in dismissing his petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/2/2015